### 11624. DAY & COMPANY v. GRAYBILL.

STEPHENS, J. 1. It is the duty of the master to furnish his servant a safe place to work, and a servant who in the exercise of due care is injured by the master's negligence in failing to comply with this duty

may recover of the master for the injury when the master knew of the unsafe condition of the place, and the servant did not know and had not equal means with the master of knowing of the condition and could not by the exercise of due care have discovered it. *Holland* v. *Durham Coal & Coke Co.*, 131 *Ga.* 715 (63 S. E. 290).

2. A servant who without fault on his part is injured by a fall in consequence of negligence of the master in maintaining in a defective condition a flight of steps on the master's premises where the servant is at work and over which his duties require him to pass may recover of the master for the injury thus received, when the defect was known to the master but unknown to the servant, and when the latter, on account of the defect being located in a narrow turn of the steps in a dark passageway, had not equal means with the master of knowing of it, and could not by the exercise of due care have discovered it.

3. The petition as amended alleged a cause of action, and the defendant's demurrer thereto was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 15, 1921.

Action for damages; from Fulton superior court — Judge Pendleton. May 11, 1920.

This court held that the original petition in this case did not set forth a cause of action, and that the court below erred in overruling a general demurrer. 24 *Ga. App.* 524. Subsequently paragraph 8 of the petition, which is set out in the former decision, was amended by adding: " that defendant knew that the aforesaid step that broke and gave way was broken and out of order, at the time plaintiff attempted to use same; further, that defendant knew that at the point where the injury occurred was a bend or turn in a narrow staircase, and that plaintiff could not see, the same being very dark and walled in on both sides; that defendant knew all of this and did not warn plaintiff of said defects; that plaintiff did not know of said defects in said steps, could not see same, and could not have discovered said defect by the exercise of ordinary care; that defendant was negligent in not warning plaintiff of said defect in said stairs. " To the petition as amended the defendant demurred, on the grounds, that no cause of action was stated; that the amendment does not show that the plaintiff did not have means equal with those of the defendant of knowing the condition of the steps, and that the amendment does not show negligence on the part of the defendant. The demurrer was overruled, and the defendant excepted.

*W. O. Wilson,* for plaintiff in error.

*Westmoreland & Smith,* contra.